RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MAY 1 9 2025

DANIEL J. McCOY, CLERK
BY:_____

# UNITED STATES DISTRICT COURT

### for the

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

1.    This Complaint was prepared By Mr. Leamon V. Manchester acting Pro Se:

Leamon Von Manchester
155 Lee Ave., Vidalia, La. 71373
Concordia Parish
318-421-0812

    Plaintiff

    -V-

2.    Kevin Cobb
Sheriff of Franklin Parish
Official Capacity
1175 Nicholson Dr
Baton Rouge, La
225-343-8402

Msgt. James Price
Franklin Parish Sheriff Dep.
official & individual capacity
6556 Main Street
Winnsboro, La. 71295
318-435-4505

Cpt. Shaun Butler
Franklin Parish Sheriff Dep.
official and individual capacity
6556 Main Street
Winnsboro, La. 71295
318-435-4505

    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

Magistrate Judge_____

42 U.S.C. § 1983 Color of Law
Violations of Fourth, Fifth &
Eighth Amendment Rights

### Jurisdiction

3.    The UNITAD STATES DISTRICT COURT for the Western District,

*Monroe Division has Jurisdiction over plaintiff's Federal Claim under 28 U.S.C. §1331 and §1343. The Constitutional Rights violations took place within the parish of Franklin in the State of Louisiana. The Western District of Louisiana, Monroe Division has jurisdiction under 42 U.S.C. § 1983 for Fourth, Six & Fourteenth Amendments Rights Violations of citizens of the United States.*

## *INTRODUCTION OF FACTS*

4.      *This is a very interesting case. Open and close really.  Mr. Manchester wills not only prove the officer lied on the arrest affidavit but intentionally, this he did to validate the stop. Mr. Manchester will show how the Officer omitted  a fact that was extremely important for the Judge to know.  All these things are a overkill though because even with all the lying as well as omissions the officer never did establish probable cause for the arrest. He basically arrested Mr. Manchester completely on "proximity" to the drugs.  However the key fact he omitted would have even removed the "proximity" factor.   Another rare and unique fact of the entire arrest is the fact that Mr. Manchester being the passenger had told the officer he did not not have to Identify, since he was not driving nor under suspicion of a crime.  This is common and certainly not unreasonable when a officer does not articulate any suspicion. The officers took great offense to this and forced Mr. Manchester to Identify. Then in the arrest affidavit the officer grasping at straws for probable cause to arrest Mr. Manchester,  stated Mr. Manchester had stated to the officers he was a passenger and was not required to identify. The officer asserted that since Mr. Manchester did not want to Identify (while under no suspicion) that he must of been guilty of something. That was his probable cause for the arrest, because Mr. Manchester attempted to exercise his Fourth Amendment Rights. In what perverted form of justice can a man be arrested  for simple attempting to assert his Constitutional Rights of the United States. Mr. Manchester has researched and not found a case in which an officer actually arrested someone on the grounds that exercising their Constitutional Rights was grounds for probable cause. The officer inadvertently had slaughtered the Constitution of the United States in his desperate bid to illegally arrest Mr. Manchester.*

5.      *One or about 5/24/2025 at 8:45 pm Mr. J.P. Thorpe called Mr. Manchester and offered him employment.  He stated he had sold a car 2 days prior and had located a pickup truck on facebook marketplace in which he wanted to purchase. He stated the truck was in Arkansas and offered Mr. Manchester wages to drive him to Arkansas and then drive the pickup truck back after he purchased it. Mr. Manchester stated it was a very odd time to venture that far to buy a truck but Mr. Thorpe stated he needed the truck immediately and was afraid the man would sell it to somebody else. Reluctantly, Mr. Manchester agreed since he needed the funds for gas to take his wife to doctors appointments as he was her 24/7 caregiver.*

6.      *Mr. Thorpe was on dialysis himself so his health was also compromised.*

-2-

7.    Mr. Thorpe picked Mr. Manchester up, Mr. Manchester was instructed to drive, which he did. They arrived, around 11:00pm, seller came out of the house and stated his uncle had called him a few minutes prior to their arrival and stated he no longer wanted to sell the vehicle. Mr. Thorpe quickly looked at 2 other vehicles they had for sale and Mr. Thorpe and Mr. Manchester left to return home empty handed. Again, Mr. Manchester was driving as Mr. Thorpe stated he was going to pay Mr. Manchester regardless of the fact he had not purchased the truck.

8.    Mr. Manchester had kept yawning and Mr. Thorpe instructed him to pull over and he would drive the remainder of the trip home as they were only about 45 minutes from home. Mr. Manchester pulled over in Winnsboro, La and Mr. Thorpe got behind the wheel.

9.    Mr. Thorpe had been driving for approx. 15 minutes, they had traveled south through the next town of Gilbert and was approx. 4 miles from Wisner La. when Mr. Thorpe said "somebody just appeared in the distance behind us and are gaining on us very very fast". Knowing whom ever it were, that they were traveling at a high rate of speed. Mr. Manchester turned to look and when the lights got about 300 yards behind they turned on blue lights.

10.    Mr. Thorpe pulled over and rolled the window down as Msgt. James Price with the Franklin Parish Sheriff Department walked up and ask Mr. Thorpe for license and Registration, stating he had a license tag light out. Mr. Thorpe instructed the Deputy that he had no license and explained that Mr. Manchester had been driving their entire trip up until about 15 minutes prior. Mr. Thorpe went on to explain they had been to Arkansas to retrieve a truck. The Deputy never stated any probable cause yet ask to search the vehicle. Mr. Thorpe complied and the Deputy instructed them to exit the Vehicle. Unaware to Mr. Manchester Captain Shaun Butler had arrived and was beside the passenger door. Mr. Manchester stepped out and and walked to the back of the vehicle as instructed, Mr. Manchester looked North and South and could see no sign of a light in either direction. He ask Captain Butler exactly where they were located, Captain Butler stated "2 or 3 miles North of the Town of Wisner. Captain Butler patted him down, Capaint Butler then instructed Mr. Manchester to produce his State issue Id. Mr. Manchester, knowing his rights instructed the deputy that by law he did not have to produce his I.D. as he was a passenger and under no suspicion of a crime. Captain Butler instantly became disgruntled, he then instructed Mr. Manchester that he had to Identify if ask by a law officer. Mr. Manchester saw Deputy Price's face menace, he was about to search the vehicle but instead spun around headed towards Mr. Manchester. Mr. Manchester in fear that the situation would escalate, as well as the threat of arrest did produce his state issue drivers license. Deputy Price then seemed to settle down some what, he then turned back around to go search the vehicle. Deputy Price, upon returning to the back of the car was giving Mr. Manchester the evil eye. Deputy Price said "I found drugs in the car", Mr. Manchester said "so why you evil eying me". Deputy price said "it was under the passenger seat". Mr. Manchester stated, "well I am

-3-

*not required to search a vehicle before I enter into it". Deputy Price ask both Mr. Thorpe and Mr. Manchester if it belonged to either of them and they both denied.*

11.    *Deputy Price immediately arrested both Mr. Thorpe and Mr. Manchester with no further questions or investigation.*

12.    *Mr. Manchester asserts that the tag lights were working when the car was retrieved from the Wrecker yard.*

13.    *Mr. Manchester asserts that Captian Butler violated Mr. Manchester's Fourth Amendment Rights by detaining and forcing him to Identify without probable cause.  Mr. Manchester acknowledges that this alone may not be cause for action under § 1983 but it will be useful in proving no probable cause existed on this particular case but for now Mr. Manchester will move on to prove cause of action under 42USC § 1983 with the steps outlined in "Franks v. Delaware".*

14.    *Mr. Manchester assert that the opening line of the arrest affidavit was a total fabrication, it is outlined in such fashion as to be extremely damning against Sergeant James Price. He not only lies sitting stationary at the grain elevators in the Town of Wisner, where he allegedly observed the defendants pass by with no tag light, but he goes on to tell he blue lighted and made the stop on Graves Street in Wisner. It shows he not only lied but intended to lie as he plotted out where a stop would have likely taken place had he actually be at the elevators in Wisner.(the stop actually took place 4 miles north of that location in the middle of no where) At first glance it might not seem to have relevance as to probable cause for the arrest. However if you remove the statement from the arrest report (as in a "franks" claim test, you are left with no probable cause for the entire traffic stop, which means it not only has an effect on probable cause but completely eliminates any probable cause. (the stop actually took place half way in between Gilbert, la and Wisner, la. Approx. 3 miles from Wisner city limits).  This is provable by the body cam footage the District Attorney is withholding from Mr. Manchester. Also all law enforcement vehicles are equipped with GPS logging equipment per Governor mandate. Plus google maps since Mrs. Manchester was watching location in live time at home since her phone and Mr. Manchesters were linked.*

15.    *Mr. Manchester asserts that what really happened is: unaware to Mr. Manchester the drive Mr. Thorpe was on probation for drug charges in Concordia Parish, he also had a hold on him from the State of Ms. for failure to appear for drug related charges. The Concordia Parish Sheriff Dep. had Mr. Thorpe under surveillance by way of his cell phone. They noticed that Mr. Thorpe had traveled straight up to a location in Arkansas, stopped a few minutes and turned around and was headed back. They called the Franklin Parish Sheriff Office and told that they believed Mr. Thorpe had went to purchase a large supply of drugs. Captain Butler and Sergeant Price took the call and knowing that the defendants would soon to exit their parish, jumped into their vehicles and speed off in hopes of catching up to do a planned traffic stop (which is illegal). That is why that had*

-4-

approached from a great distance behing closing in very fast. This was apparent to Mr. Thorpe cause there were virtually no other vehicles on the road. This is what actually happened and that is why Sergeant James Price had lied about sitting stationary at the elevators and making the stop at Graves Street in Wisner. It took quite a bit of investigative work to get to the bottom of it. Franklin Parish Sheriff Office has refused to give Mr. Manchester the incident report that reveals these facts. That is why a Captain & Sergeant were so far from the station so late at night. Their roles are supervisory and training positions, generally in the office setting.

16.     Captain Shaun Butler and Sergeant James Price left the Sheriffs Office after a tip with the full intent to make an illegal traffic stop at all cost and violate Citizens of the United States of America's Constitutional Rights in hopes of establishing probable cause for an arrest. They intentionally lied to establish probable cause for the stop, omitted facts that were vital in establishing probable cause and yet never did establish probable cause. Proving they were fully vested in arresting Mr. Manchester even at the cost of slaughtering the Constitution of the United States to attempt to do so.

17.     Mr. Manchester further asserts the fact that Sergeant James Price did purposely omitted the fact that Mr. Manchester had only been in the passenger seat for 15 minutes, the first thing the driver had told him was that Mr. Manchester had been driving all but 15 minutes of a 7 hour trip. (provable by body cam footage the assistant district attorney has refused many time to give to Mr. Manchester). Since the officer established no link between Mr. Manchester and the drugs other then "Proximity" which is actually no probable cause. Yet if he had not omitted this key fact, even "proximity" would have been eliminated. This would have a huge impact on a judge signing off on the affidavit.

18.     Mr. Manchester asserts the fact that the arrest affidavit was written with absolutely no mention of the fact it was "constructive possession" as opposed to actual possession. Misleading the Judge to simply glance and see the "knowingly and willingly" charge of possession and then seeing the weight of the drugs on the affidavit and assuming the drugs were found on Mr. Manchester's person. It is misleading and obvious in nature since it could serve nothing but injustice. If it is legal for an officer to do this it brings up a very good Federal question as to how the law is written because the establishment of probable cause is very different in "Constructive Possession" as opposed to actual possession found on a person's person. Certainly no Judge would sign off on a arrest affidavit with the only probable cause being that Mr. Manchester attempted to assert his Fourth Amendment Right in which is common and totally reasonable since he was not operating the vehicle. The Judge was certainly mislead in this aspect as well as the lies and/or omission of key facts. So it certainly needs to be addressed to prevent future arrest affidavits from slipping by judges without probable cause.

19.     Mr. Manchester asserts that at almost the year mark the prosecution has shown

*no probable cause, not allowed Mr. Manchester access to the tapes she admitted to having 8 months prior to the writing of this complaint. The Sheriff has denied Mr. Manchester access to the incident report to hide the fact the entire illegal arrest was pre planned. Mr. Manchester is working on a Brady motion as present time yet for the assurance the statue of limitations not expire is filing this complaint at present time.*

20.     *Mr. Manchester asserts that Franklin Parish Sheriff Office has a long running custom of receiving tips in which they perform illegal traffic stops in hopes of establishing probable cause. This can be proven by a federal warrant to obtain all incident reports in the past years.*

21.     *Mr. Manchester asserts that the Franklin County District Attorney Office has a long running custom of being a gate keeper of evidence that would incriminate the Sheriff Office. This has enabled many unethical practices and customs to develop since there is no accountability with in the Sheriff Department. The Sheriff is aware yet without accountability the Sheriff has not deem it necessary to properly supervise nor train, it is especially evident since the particular officers are high ranking officers which train deputies. How could the rookie deputies possible adhere to the Constitution when their Supervisors are ignorant to the law, probable cause and especially the Constitutional Rights of Citizens of the United States. This case goes above and beyond to prove such long running and relaxed supervison policies of the Sheriff (aided by the prosecution being gate keeper) that it cast a huge shadow of doubt on the Parish as a whole.*

22.     *Franklin Parish has the highest incarceration rate per capita in the entirety of of the United States of America at present time. Franklin Parish has the highest incarceration  rate in the entirety of the world per capita.*

23.     *Mr. Manchester informed deputies at the time of arrest that he was 24/7 caregiver to his wife whom had recently been diagnosed with final stages of Congestive Heart Failure. He told the deputies it was imperative that he return home to be her caregiver and that the only reason he had accepted employment with Mr. Thorpe was to abtain income so the Manchesters would have gas money to attend the many doctor appointments in which they had to attend. Mrs. Manchester was fitted with a special life saving vest that shocks a person back to life in cardiac arrest takes place. However if this happens someone has to rush her to the hospital to save her life as the victim is left basically in a coma state. Mr. Manchester could not seek regular employment due to these facts. This information did nothing in the way to sway the officers from arresting Mr. Manchester with no probable cause.*

## *First Claim*

### 42 U.S.C. § 1983--against the following Defendants

24.     *Plaintiffs Incorporates all proceeding paragraphs for reference as if fully*

*rewritten as well as the following paragraphs for which they do apply.*

25.    *Franklin Parish Sheriff Deputy Msgt. James Price in his personal capacity for: Color of Law violations of Mr. Manchester's Fourth, Fifth and Eighth Amendment rights as has been acknowledged by the Supreme Courts of the United States. Mr. Manchester also asserting to a possible Fourteenth Amendment Rights Violation as well. Mr. Manchester asserts that the arrest was without probable cause just by the reading of the affidavit. Mr. Manchester asserts all other facts to establish action also by the Franks method of testing as outlined by the Supreme Courts to show how vested the officers were in illegally arresting Mr. Manchester without probable cause.*

26.    *Franklin Parish Sheriff Deputy Cpt. Shaun Butler in his Personal Capacity for: Color of Law violations of Mr. Manchester's Fourth, Fifth and Eighth Amendment rights as has been acknowledged by the Supreme Courts of the United States. Mr. Manchester also asserting to a possible Fourteenth Amendment Rights Violation as well. Mr. Manchester asserts that the arrest was without probable cause just by the reading of the affidavit. Mr. Manchester asserts all other facts to establish action also by the Franks method of testing as outlined by the Supreme Courts to show how vested the officers were in illegally arresting Mr. Manchester without probable cause. Captain Butler was supervising as well as assisting Sergeant Price in all the violations Mr. Manchester suffered.*

## Prayer for Relief

WHERFORE, Plantiff prays for the following relief:

27.    The Plaintiff seeks relief from all defendants in the form of compensatory for all damages, pain and suffering as well as hospital bills incurred, projected hospital bills, any and all future possible expenses Mr. Manchester might incur might due to the contributing  major factors and immense stress brought about Mr. Manchester's Fourth, Fifth and Eighth Amendment Rights violations as well as possibly a Fourteenth Amendment Rights violation. Mr. Manchester also wish to seek compensatory for a wrongful death if Mrs. Manchester health fails due to the stress of these violations that have brought unimaginable stress at a very inconvenient time. Mrs. Manchester attempted suicide as noted earlier on 2/16/2025 due to stress related to the threat of losing her caregiver, so Mr. Manchester  wishes to keep the door open in the event such tragedy were to happen.

*Second Claim*
42 U.S.C. § 1983--against the following Defendants

28.    *Plaintiffs Incorporates all proceeding paragraphs for reference as if fully rewritten as well as the following paragraphs for which they do apply.*

29.    *Franklin Parish Sheriff Deputy Msgt. James Price in his official capacity for: Color of Law violations of Mr. Manchesters Fourth, Fifth and Eighth Amendment rights Plaintiff incorporates paragraph 25 as if fully rewritten here as well as all previous fact and following facts.*

30.    *Franklin Parish Sheriff Deputy Capt.. Shaun Butler in his official capacity for: Color of Law violations of Mr. Manchesters Fourth, Fifth and Eighth Amendment rights Plaintiff incorporates paragraph 26 as if fully rewritten here as well as all previous fact and following facts.*

.

# Prayer for Relief

WHERFORE, Plantiff prays for the following relief:

31.    The Plaintiff seeks relief from all defendants in the form of compensatory for all damages, pain and suffering as well as hospital bills incurred, projected hospital bills, any and all future possible expenses Mr. Manchester might incur might due to the contributing  major factors and immense stress brought about Mr. Manchester's Fourth, Fifth and Eighth Amendment Rights violations as well as possibly a Fourteenth Amendment Rights violation. Mr. Manchester also wish to seek compensatory for a wrongful death if Mrs. Manchester health fails due to the stress of these violations that have brought unimaginable stress at a very inconvenient time. Mrs. Manchester attempted suicide as noted earlier on 2/16/2025 due to stress related to the threat of losing her caregiver, so Mr. Manchester  wishes to keep the door open in the event such tragedy were to happen.

*Third Claim*
42 U.S.C. § 1983--against the following Defendants

*Plaintiffs Incorporates all proceeding paragraphs for reference as if fully rewritten as well as the following paragraphs for which they do apply.*

-8-

32.    *Kevin Cobb Sheriff of Franklin Parish in his official capacity for:*
*Color of Law violations of Mr. Manchesters Fourth, Fifth and Eighth Amendment rights*
*Plaintiff incorporates all preceding paragraphs as if fully rewritten here as well as all*
*previous fact. And for Long running customs of officers recieving tips and then proceding*
*to make illegal traffic stops  in hopes of finding probable cause to make unlawful arrest.*
*For not training nor supervising top ranking Deputies in his Department which made*
*way for all sorts of unconstitutional acts. By the demonstration that the very men the*
*Sheriff had in place to supervise and train partaking in such illegal activities as well as*
*showing their total ignorance to the Constitutional Rights of Citizens of the United States*
*of America, proving long running customs and lack of proper procedures. These facts can*
*be easily proven by the facts of this case as well as a federal subpeana of incident reports*
*contained in the Franklin Parilsh Sheriff Office. The damages Mr. Manchester has*
*suffered in part by these facts as well as a total lack of accountability by the deputies due*
*to the Sheriffs policies or lack there of.*

## Prayer for Relief

**WHERFORE, Plantiff prays for the following relief:**

33.    The Plaintiff seeks relief from all defendants in the form of: compensatory for all
damages, pain and suffering as well as hospital bills incurred, projected hospital bills,
any and all future possible expenses Mr. Manchester might incur might due to the
contributing  major factors and immense stress brought about Mr. Manchester's Fourth,
Fifth and Eighth Amendment Rights violations as well as possibly a Fourteenth
Amendment Rights violation. Mr. Manchester also wish to seek compensatory for a
wrongful death if Mrs. Manchester health fails due to the stress of these violations that
have brought unimaginable stress at a very inconvenient time. Mrs. Manchester attempted
suicide as noted earlier on 2/16/2025 due to stress related to the threat of losing her
caregiver, so Mr. Manchester  wishes to keep the door open in the event such tragedy
were to happen before this suit is settled. $2400.00 for bail money in which Mr.
Manchester was forced to pay. Pain and suffering for nearly 3 days of incarceration due to
the unlawful arrest of Mr. Manchester. Mr. Manchester also asks for injunctive relief as
well as declatory relief.
All damages being assessed by the Court in accordance to proportions fair and reasonably
due for such violations as well as damages incurred.

This Complaint has been prepared Pro Se and is a true account of the facts to the best
ability of the Plaintiff _____